THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PEGGY ONIATE, individually <br> and as the representative of the estate of <br> ELIZABETH HOULIHAN, <br> ELIZABETH FREDERICK, and <br> ANDREW HOULIHAN, JR. <br> **PLAINTIFFS** <br><br> Versus <br><br> ELI LILLY AND COMPANY, <br> XANODYNE PHARMACEUTICALS, INC., <br> VINTAGE PHARMACEUTICALS, INC., <br> QUALITEST PHARMACEUTICALS, INC., and <br> ENDO PHARMACEUTICALS, INC. <br><br> **DEFENDANTS** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION NO. <br><br> SECTION <br><br><br> MAGISTRATE <br><br><br><br><br><br><br><br> **JURY TRIAL REQUESTED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Peggy Oniate, individually and as the representative of the estate of her mother Elizabeth Houlihan, Elizabeth Frederick, and Andrew Houlihan, Jr., who file this Complaint and allege the following upon information and belief:

1.

This is an action for damages suffered by Plaintiffs, Peggy Oniate, Elizabeth Frederick and Andrew Houlihan, Jr., all persons of the full age of majority, relative to the wrongful death of their mother, Elizabeth Houlihan (decedent), as well as for damages sustained by decedent's estate, as a direct and proximate result of defendants' wrongful conduct including, but not limited

to, the manufacturing, distribution, testing, labeling and selling of the prescription drug Darvocet, and its generic equivalent, Propoxyphene Napsylate with APAP.

2.

This Court has subject matter jurisdiction pursuant to 25 U.S. C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. There is complete diversity of citizenship between the plaintiffs and the defendants. Plaintiff Peggy Oniate, is a resident of Chalmette, Louisiana (St. Bernard Parish); plaintiff Elizabeth Frederick is a resident of Avondale, Louisiana (Jefferson Parish); plaintiff Andrew Houlihan, Jr., is a resident of Slidell, Louisiana (St. Tammany Parish); and, the decedent, at all pertinent times herein and at the time of her death, was a resident of Chalmette, Louisiana (St. Bernard Parish). Defendant Eli Lilly and Company (hereafter, "Eli Lilly") is an Indiana corporation with its principal place of business in Indiana; defendant Xanodyne Pharmaceuticals, Inc. (hereafter, "Xanodyne"), is a Kentucky corporation with its principal place of business in Kentucky; defendant Vintage Pharmaceuticals, Inc. (hereafter, "Vintage"), is an Alabama corporation with its principal place of business located in Alabama; defendant Qualitest Pharmaceuticals, Inc. (hereafter, "Qualitest"), is an Alabama corporation with its principal place of business located in Alabama; and, defendant Endo Pharmaceuticals, Inc. (hereafter, "Endo"), is a Pennsylvania corporation with its principal place of business in Pennsylvania.

3.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as decedent obtained,

purchased and used the prescription medication that forms the basis of this lawsuit in this Federal District of Louisiana; at all relevant times, decedent resided within this District in St. Bernard Parish; the injury sued upon occurred in this District; and, defendant marketed, advertised and distributed Darvocet and/or Propoxyphene Napsylate with APAP in this District.

4.

This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

5.

At all relevant times herein, defendant Eli Lilly was in the business of manufacturing, marketing, developing, testing, labeling, promoting, distributing and/or selling its product, the prescription drug Darvocet and its generic equivalent, Propoxyphene Napsylate with APAP.

6.

At all relevant times herein, defendant Xanodyne was in the business of manufacturing, marketing, developing, testing, labeling, promoting, distributing and/or selling its product, the prescription drug Darvocet and its generic equivalent, Propoxyphene Napsylate with APAP.

7.

Upon information and belief, Eli Lilly was the original holder of the approved New Drug Application (NDA) for Darvocet. Eli Lilly sold its rights to the approved NDA to aaiPharma, Inc., in approximately February 2002. Xanodyne obtained the rights to the approved NDA from

aaiPharma in approximately May 2005.

8.

At all relevant times herein, defendant Vintage was engaged in the business of manufacturing, marketing, developing, testing, labeling, promoting, distributing, selling and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its product, Propoxyphene Napsylate with APAP, which is the generic version of Darvocet.

9.

At all relevant times herein, defendant Qualitest was engaged in the business of manufacturing, marketing, developing, testing, labeling, promoting, distributing, selling and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its product, Propoxyphene Napsylate with APAP, which is the generic version of Darvocet.

10.

At all relevant times herein, defendant Endo was engaged in the business of manufacturing, marketing, developing, testing, labeling, promoting, distributing, selling and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its product, Propoxyphene Napsylate with APAP, which is the generic version of Darvocet.

11.

Upon information and belief, Endo acquired Qualitest and Vintage in December 2010.

12.

Defendants conduct substantial business in the state of Louisiana and within this Federal District and at all times relevant hereto, promoted, marketed, distributed, warranted and sold Darvocet and its generic equivalent Propoxyphene Napsylate with APAP in Louisiana.

13.

Decedent began taking Darvocet and/or, its generic version, Propoxyphene Napsylate with APAP, as prescribed from, at least, sometime in 2009 and continued to take the drug until her fatal MI on May 25, 2010.

14.

At all relevant times, decedent was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

15.

Plaintiffs were not aware that Darvocet and/or, its generic counterpart, Propoxyphene Napsylate with APAP, may have been the cause of their mother's fatal MI until the drug was recalled in November 2010.

16.

Defendants expressly warranted to the market, including plaintiff, that Darvocet and its

generic version, Propoxyphene Napsylate with APAP, was safe, effective, fit and proper for its intended use.

17.

Defendants were aware of the substantial risks from taking Darvocet and its generic version, Propoxyphene Napsylate with APAP, but failed to fully disclose same.

18.

At all times herein mentioned, defendants had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, and adequately warn of the risks and dangers of Darvocet and its generic version, Propoxyphene Napsylate with APAP.

19.

At all times herein mentioned, defendants negligently and carelessly manufactured, designed, formulated, compounded, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, prepared for use and sold Darvocet and its generic counterpart, Propoxyphene Napsylate with APAP, and failed to adequately test and warn of the risks and dangers of same to the public and physicians in general and to the decedent and her prescribing physician.

20.

Although defendants knew or should have known that dangerous risks were associated

with the use of Darvocet and its generic version, Propoxyphene Napsylate with APAP, defendants proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

21.

Defendants, impliedly or expressly represented that Darvocet and its generic version, Propoxyphene Napsylate with APAP, was safe for use and would not cause the adverse health effects described herein or that such risks were rare.

22.

Had decedent been aware of the defects contained in Darvocet and its generic version, Propoxyphene Napsylate with APAP, she would not have ingested this medication.

23.

Had a reasonable prescribing physician known of the dangers of Darvocet and its generic version, Propoxyphene Napsylate with APAP, he would have either not prescribed the drug or would have provided the decedent with adequate warning of the dangers so as to have permitted the decedent to make an informed decision about taking the drug.

24.

From the time that Darvocet and its generic version, Propoxyphene Napsylate with APAP, was first manufactured, marketed and distributed, and up to the present, defendants willfully deceived the decedent, prescribing physicians and the general public, by concealing the

true facts concerning the safety and side effects of this drug and gave the false impression this drug was safer than the other drugs. Defendants as manufacturers, marketers, and/or distributors of the product had a duty to disclose these facts in an accurate and truthful manner.

25.

The representations by defendants were made with the intention of inducing reliance, purchase and use of the subject product.

26.

Defendants concealed or, through gross negligence, failed to warn the public, prescribing physicians and the decedent that Darvocet and its generic version, Propoxyphene Napsylate with APAP, had a significant propensity to cause serious injuries to users, including but not limited to the injuries suffered by decedent, as evidenced by the following, non-exclusive, particulars:

    a) Public interest groups had petitioned defendants for years to investigate whether Darvocet was related to serious and potentially fatal heart arrhythmias. However, defendants did not do so until ordered to conduct a safety study by the FDA in July 2009.

    b) The results of the above study revealed that, even when taken at the recommended doses, propoxyphene causes significant changes in the heart's electrical activity, which can increase the risk for serious abnormal heart rhythms linked to serious adverse effects, including sudden death.

27.

As a result of decedent's ingestion and use of Darvocet and its generic version, Propoxyphene Napsylate with APAP, plaintiffs and decedent's estate are entitled to recover the following non exclusive list of damages:

- A. Decedent's medical bills and funeral expenses;
- B. Decedent's physical and mental pain and suffering (survival action);
- C. Plaintiffs' loss of love, affection, society and services of their mother (wrongful death action); and,
- D. Any other damages to which plaintiffs may be entitled, to be proven at the trial of this matter.

28.

Plaintiffs are entitled to and pray for trial by jury on all issues.

WHEREFORE, Plaintiffs pray that the Defendants be served with a copy of this Complaint and that they be duly summoned to answer same, and that after due proceedings that there be judgment herein in favor of Peggy Oniate, individually and as the representative of the estate of her mother Elizabeth Houlihan, Elizabeth Frederick, and Andrew Houlihan, Jr., and against defendants, for such damages as are reasonable in the premises, with legal interest until paid, for all of these proceedings, and for all other appropriate legal and equitable relief.

Respectfully submitted,
SILVESTRI & MASSICOT, LLC

BY: _/s/ M. Daul_
Frank A. Silvestri LSBA 12075
John Paul Massicot T.A. LSBA 9033
Damien Savoie LSBA 19144
3914 Canal Street
New Orleans, Louisiana 70119
Telephone (504) 482-3400
Facsimile (504) 488-6082

**PLEASE SERVE:**

1) Xanodyne Pharmaceuticals, Inc.
through its registered agent, Corporation Service Company
d/b/a CSC – Lawyers Incorporating Service Company
421 West Main Street
Frankfurt, KY 40601

2) Eli Lilly and Company
through its registered agent, Robert A. Armitage
Eli Lilly and Co., Lilly Corp Center
Indianapolis, IN 46285

3) Vintage Pharmaceuticals, Inc.
through its registered agent, CT Corporation System
2 No. Jackson Street, Suite 605
Montgomery, AL 36104

**SERVICE INSTRUCTIONS CONTINUED ON NEXT PAGE**

4) Qualitest Pharmaceuticals, Inc.
through its registered agent, CT Corporation System
2 No. Jackson Street, Suite 605
Montgomery, AL  36104


5) Endo Pharmaceuticals, Inc.
through its registered agent, The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801